IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JEFFREY ADAMS and JO ANNA ADAMS, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No.: 4:18-cv-00477-RBH<br>)<br>) |
| v. | ) **ORDER**<br>) |
| ADELINE BUONI; ADELINA, LLC; and URBAN LANDSCAPE & TREE SPECIALIST, LLC | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

On or about January 11, 2018, Plaintiffs filed this action in the State Court of Common Pleas in Horry County, South Carolina. On February 14, 2018, Defendants removed this matter to this Court based upon diversity of citizenship in that Plaintiffs are citizens of South Carolina, Defendants are citizens of Ohio, and further, that the amount in controversy, $100,000.00, meets the jurisdictional limit. [ECF #1, p. 1]. Currently pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint or in the Alternative, For Change of Venue. [ECF #5]. Both parties have had the opportunity to extensively brief the issues raised in the Motion to Dismiss, and this Court has thoroughly considered all pleadings filed in this case.[1] Plaintiffs have indicated in their response to Defendants' Motion that they do not oppose the change of venue, and request that this Court transfer the case to the United States District Court for the South District of Ohio, Eastern Division.

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

**Factual Background and Procedural History**

As alleged in the Complaint, in August of 2016, Defendant Adelina Buoni ("Buoni") entered into an agreement with Plaintiffs whereby Plaintiffs agreed to loan her $60,000.00. [ECF #1-1, p. 3]. Defendant Buoni allegedly purchased a truck and landscaping equipment for Defendant Urban Landscape & Tree Specialist, LLC n/k/a Adelina, LLC with the loaned money. [ECF #1-1, p. 3]. According to Plaintiffs, Defendant Buoni agreed to purchase two Certificates of Deposit in the amounts of $30,000.00 and $10,000.00 and borrow against them to purchase the truck needed for the landscaping business. [ECF #1-1, p. 3]. The two Certificates of Deposit were purchased in the name of Defendant Urban Landscape & Tree Specialist, LLC ("Urban Landscape"). [ECF #1-1, p. 3]. In November of 2016, Plaintiffs loaned Defendant Buoni an additional $40,000.00 to purchase additional equipment. [ECF #1-1, p. 3]. Plaintiffs allege that Defendant Buoni deposited $10,000.00 into her personal banking account and transferred the title of several pieces of equipment into her personal name. [ECF #1-1, p. 4]. Plaintiffs allege that the total amounts now due on the loans equals $100,000.00, plus interest, late fees, attorney's fees and costs. Plaintiffs allege that Defendants have breached the agreement made with Plaintiffs by failing to re-pay the loans when due. [ECF #1-1, p. 4]. As a result, Plaintiffs contend they are entitled to actual, special, and consequential damages for this breach of agreement. [ECF #1-1, p. 4].

On March 6, 2018, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. [ECF #5-1]. Defendants assert that they are citizens of the state of Ohio. [ECF #5-1, p. 1]. Defendants argue that Plaintiffs cannot establish

2

general jurisdiction because they are neither incorporated nor have its principal place of business in South Carolina, and because their contacts with South Carolina are not continuous and systematic sufficient to give rise to jurisdiction. [ECF #5-1, p. 3]. Defendants also argue that Plaintiffs cannot prove the existence of specific jurisdiction because the claims alleged in the Complaint do not arise out of any activities directed at the State of South Carolina, they do not conduct business in this State, nor have they purposefully availed themselves of the privilege of conducting activities within the State. [ECF #5-1, pp. 4-5]. Defendants argue that even if Plaintiffs could prove specific jurisdiction, exercising such jurisdiction in this case would not be constitutionally reasonable. [ECF #5-1, p. 5]. Finally, Defendants assert that should this Court deny their Motion to Dismiss, Defendants seek alternative relief in the form of a transfer of venue to the Southern District of Ohio, Eastern Division pursuant to 28 U.S.C. §§ 1404 and 1406(a). [ECF #5-1, p. 5].

On March 9, 2018, Plaintiffs filed an Amended Complaint. [ECF #6]. Plaintiffs allege within the Amended Complaint that Defendants made several calls and texts to Plaintiffs, who are South Carolina residents, to discuss loan terms and conditions. [ECF #6, p. 4]. Further, Plaintiffs allege that Defendants traveled to Horry County, South Carolina to pick up the loan proceeds, and loan payments were made to Plaintiffs residing in South Carolina. [ECF #6, p. 4]. Specifically, Plaintiffs allege that one of the checks provided to Defendants stated that it was a "loan" and it was accepted by Defendants in South Carolina, thereby creating a lender/borrower relationship in South Carolina. [ECF #6, p. 4]. Thereafter, On March 19, 2018, Plaintiffs responded to the Defendants' Motion to Dismiss or Change of Venue. While Plaintiffs argue that they have made

3

a prima facie showing that this Court has personal jurisdiction over Defendants, and further, that dismissal based upon these grounds would be premature, Plaintiffs expressly consent to Defendants' request for change of venue. [ECF #8, p. 3]. On March 23, 2018, Defendants filed their Answer and Third Party Complaint to this lawsuit. [ECF #9]. To date, no other parties have been served or have appeared in this lawsuit.

## Conclusion

In light of the fact that Plaintiffs expressly state that they do not oppose Defendants' request for Change of Venue, this Court **GRANTS** in part, the alternative relief sought, for Change of Venue to the Southern District of Ohio, Eastern Division. For the reasons stated above, this Court finds Defendants' Motion to Dismiss is denied without prejudice in light of the fact that the Parties agree to the transfer of venue. [ECF #5]. The Clerk is directed to transfer this case to the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

Florence, South Carolina  
April 13, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge