IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY ADAMS, et al.,

    Plaintiffs,

  v.                                    Civil Action 2:18-cv-386
                                          Judge Michael H. Watson
                                          Magistrate Judge Jolson

ADELINA BUONI, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 30). For the reasons that follow, the Court **GRANTS** the Motion.

**I.    BACKGROUND**

In broad strokes, Plaintiffs initiated this lawsuit to recover $100,000 in funds loaned to Defendant Adelina Buoni to fund equipment purchases and operations of a landscape company, Urban Landscape and Tree Specialist, LLC ("Urban Landscape"), which was to be operated by Defendant Buoni and Plaintiffs' son, Jason Adams. (*See* Doc. 6). Defendants deny liability to repay the loaned funds and further deny that any of the funds allegedly transferred or delivered to Defendants by Plaintiffs constituted loan proceeds. (Doc. 9). Relevant here, Defendants additionally deny that any funds were transferred, delivered, or loaned to Defendant Buoni in her individual capacity. (*Id.*) For their part, Defendants have filed a third-party complaint against Jason Adams, claiming he indemnified Urban Landscape and Defendant Buoni. (*Id.* at 3). Defendants also allege that Jason Adams illegally converted substantial sums of money owned by or belonging to Urban Landscape for his own use. (*Id.*)

In an effort to follow the money, Plaintiffs have sought discovery about not only Urban Landscape's financial history but also Defendant Buoni's. (*See, e.g.*, Doc. 32, Ex. A). Defendants have refused, asserting that such information is irrelevant. (*See* Doc. 32 at 1).

On November 13, 2018, Plaintiff filed the instant Motion, seeking to add a veil-piercing claim against Defendant Buoni. (Doc. 30) (seeking leave to allege that "[b]y her conduct and failure to respect the separation between the Company's assets and her personal assets, Plaintiffs may pierce the corporate veil and hold Buoni personally liable for the Company's obligation to repay the loans made by Plaintiffs to the Company."). Defendants filed an opposition (Doc. 31), and Plaintiffs filed a Reply. (Doc. 32). Thus, the matter is ripe for consideration.

## II. STANDARD OF REVIEW

Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). When a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, "[o]nce a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) (citing *Leary v. Daeschner*, 349 F.3d 888, 906–07 (6th Cir. 2003)). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007). The Court must also consider "the potential prejudice to the nonmovant." *Leary*, 349 F.3d at 909. Because the deadline for amending the pleadings has passed (*see* Doc. 20), the Court considers both Rules 15 and 16.

## III. DISCUSSION

Plaintiffs seek leave of Court to file a Second Amended Complaint to include a veil-piercing claim. (*See generally* Docs. 30, 32). In support, Plaintiffs explain:

> During the discovery process, Plaintiffs made several requests that related to allegations against Defendant Adele Buoni and her alleged liability for the obligations of Defendant Urban Landscape & Tree Specialist, LLC, n/k/a Adelina, LLC. Defendants refused to provide discovery on those claims, saying the issues of personal liability were irrelevant under the sole claim for relief, Breach of Contract. Plaintiffs' proposed amendment incorporates allegations of personal liability based on the theory of alter ego and provides for veil piercing remedies.

(Doc. 30 at 2). Plaintiffs go on to note that "Defendant Buoni is the sole member of Urban Landscape and has had control of the Company's assets since inception," and "[r]ecords obtained from the Ohio Bureau of Motor Vehicles show that Defendant Buoni transferred Company vehicles into her personal name and then to third parties." (*Id.*). Plaintiffs assert that this "failure to respect the separation between the Company's assets and her personal assets" supports the addition of the veil-piercing claim. (*See id.*).

Defendants disagree. According to them, Plaintiffs have failed to explain the delay,

which is fatal to the Motion. Defendants also contend that they "will be unfairly prejudiced by having to respond to the second amended complaint, conduct additional discovery in very short period of time, and prepare to meet the dispositive motion deadline on February 1, 2019." (Doc. 31 at 2).

In reply, Plaintiffs emphasize that they have not delayed in bringing their claim. Instead, they "seek to cure a problem first raised by Defendants in their letter of September 18, 2018," when Defendants averred that Plaintiffs' discovery requests were irrelevant because Plaintiff had not plead a veil-piercing claim against Defendant Buoni. (Doc. 32 at 1). Thus, Plaintiffs argue, they promptly moved for leave to amend.

Based on these representations, it appears that Plaintiffs pursued discovery with reasonable diligence, but did not learn of the need to bring a veil-piercing claim until after the deadline to amend had passed. The Court finds that this is sufficient to establish good cause under the circumstances of this case. *See Permasteelisa CS Corp*, 2007 WL 1683668, at *2 ("[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order.").

The Court further finds that Defendants will not suffer prejudice as a result of granting Plaintiffs' Motion. The case is still relatively young, discovery is not yet closed, and no dispositive motions have been filed. *Cf. Salyers v. City of Portsmouth*, 534 F. App'x 454, 461 (6th Cir. 2013) ("[A] party prejudices his opponent by missing the trial court's scheduled deadlines and waiting until after summary judgment motions are filed before introducing entirely new legal theories." (citing *Priddy v. Edelman*, 883 F.2d 438, 446–47 (6th Cir. 1989))). Moreover, the discovery required for Plaintiffs to pursue their veil-piercing claim is relatively slim, and Defendants are already on notice as to what to expect. In fact, Plaintiffs already have

propounded their discovery requests on this claim. (*See* Doc. 32, Ex. A). Additionally, the Court will consider extending the scheduling deadlines in this matter, allaying Defendants' concern of not having enough time to prepare a dispositive motion. (*See* Doc. 31 at 2). In sum, Plaintiffs have satisfied the Rule 16(b) good cause standard.

Next, the Court turns to the Rule 15 analysis. In light of the Rules' liberal policy in favor of amendment and the Sixth Circuit's direction "that cases should be tried on their merits rather than the technicalities of pleadings," *Inge*, 388 F.3d at 936 (citation and internal quotation marks omitted), the Court will grant Plaintiffs' Motion. As noted above, the case is still in its early stages, discovery is not yet closed, and no dispositive motions have been filed. Further, there is no evidence of bad faith or undue delay on the part of Plaintiffs. Therefore, Plaintiffs' proposed amendment complies with Rule 15(a)(2), and none of the factors counseling against amendment apply.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 18). The Clerk is **DIRECTED** to file Doc. 30, Ex. A as the Second Amended Complaint. In addition, the parties are **DIRECTED** to meet and confer within the next seven (7) days as to whether the scheduling order in this case should be amended.

IT IS SO ORDERED.


Date:  December 14, 2018                             /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE